IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**EDEE BORGER**

vs.                                                         CIVIL ACTION: _____

**ENCOMPASS HEALTH CORPORATION AND
TYLER REHAB ASSOCIATES, LP d/b/a
CHRISTUS TRINITY MOTHER FRANCES
REHABILITATION HOSPITAL**

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

INTRODUCTION

1. Plaintiff Edee Borger alleges violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendants. Defendants have failed to pay Plaintiff and other similarly situated employees for continuous workday activities which are integral and indispensable to their principal activities. For herself the named Plaintiff seeks her unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

PARTIES

2. The named Plaintiff was an employee of the Defendants. The Plaintiff brings this action to recover unpaid compensation due her

3. Defendant ENCOMPASS HEALTH CORPORATION does business in the state of Texas. Defendant ENCOMPASS HEALTH CORPORATION does business in the Eastern

**PLAINTIFF'S COMPLAINT**
**Page 1**

District of Texas and can be served through its registered agent CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.  TYLER REHAB ASSOCIATES, LP d/b/a CHRISTUS TRINITY MOTHER FRANCES REHABILITATION HOSPITAL does business in the Eastern District of Texas  can be served through its registered agent CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.   The term "employer" is defined broadly by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes . . . anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

4. At all times relevant to this lawsuit, the Defendants employed and continue to employ a substantial number of employees in non-exempt work.  Defendants business operation in Smith County, Texas, is, at present, and was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

## JURISDICTION

5.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337.  This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

## FACTS

6. Defendants are  an  employer  and enterprises as those terms are defined by the FLSA.

7. At all times relevant hereto, Defendants have been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

8. At all times relevant hereto, Defendants have been an employer subject to the wage and hour

provisions of the FLSA.

9. Defendants have repeatedly and willfully violated, and continue to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff and others for all overtime hours worked. Plaintiff worked through her lunch hour, and off the clock with the knowledge of the Defendants. for which Plaintiff was not paid wages. Due to the extremely heavy workload placed on Plaintiff and others by the Defendants, plaintiff was often required to work through her lunch hours, off the clock time, and overtime. In addition Plaintiff would work while on vacation, after clocking out from work, and other times.

10. Plaintiff was employed in a position which was not exempt from the requirement that she be compensated for her hours of work by the payment of straight time and overtime. Defendants have repeatedly and consistently failed to pay Plaintiff and others for working through their lunch hour, off the clock time, and overtime hours.

11. The payments are not proper and do include any pay for which Plaintiff worked through her lunch hour, off the clock time, and overtime hours.

12. The evidence at trial will show that Plaintiff and others were not paid for all hours worked.

13. Plaintiff believes, and thereby, alleges that the failure of Defendants to pay overtime Plaintiff for overtime pay was intentional.

14. An employer that violates the FLSA is liable for "unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Moreover, "any person who repeatedly or willfully violates [the FLSA], relating to wages shall be subject to a civil penalty not to exceed $1,100 for each

such violation." § 216(e)(2).

15. Defendants have repeatedly violated the Fair Labor Standards Act.

16.  Ms. Julie Villani, the Human Resource Director, with the Defendants, called Plaintiff on June 26, 2020, and requested that Plaintiff go back and come up with an amount of hours that Plaintiff has worked off the clock, so that Ms. Borger could be paid for those hours.

17. Plaintiff has complied with said request; however, now Defendants refuses to comply with said promises.

18. Defendants have breached the oral contract  by failing to Plaintiff as agreed on by Ms. Julie Villani.

## REQUESTED RELIEF

19.  Plaintiff  has  suffered and continues to suffer damages as a result of the Defendants failure and refusal to pay proper compensation, as shown above, because of the Defendants  continued violations of the FLSA.  Plaintiff is  entitled to judgment granting her  damages in the amount of  the difference between the partial wages actually received by the Plaintiff  and the full wages she is  entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities, and attorney fees.

20. Plaintiff, in addition for her  claim for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff  prays that judgment be granted:

1. Ordering the Defendants to pay the Plaintiff  compensation due as a result of Defendants violation of the FLSA;

2. Ordering Defendants to pay the Plaintiff liquidated damages;

3. Ordering Defendants to pay the Plaintiffs a civil penalty not to exceed $1,100.00 for each violation of the FLSA.

4. Ordering Defendants pay Plaintiff pursuant to promises made by Ms. Villani to pay for wages that were worked off the clock.

5. Granting injunctive relief by ordering Defendants to comply with the requirements of the FSLA.

6. Ordering Defendants to pay Plaintiffs costs of court in this action;

7. Ordering Defendants to pay Plaintiff's reasonable attorney fees and litigation expenses/costs, including expert fees and expenses; and

8. Providing such other and further relief as is just and necessary.

    Respectfully submitted,

_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiffs

**PLAINTIFF'S COMPLAINT**
**Page 5**